# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| CHAUNCEY DAVIS, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:09-CV-73 (HL) |
| CARLTON POWELL; VIRGINIA WILLIAMS; SGT. HAYWOOD; JOHN RICHARDS, | : | |
| Defendants. | : | |

## ORDER

Before the Court is the Plaintiff's motion to file an out of date notice of appeal (Doc. 51). The Plaintiff asks the Court to allow him to file an untimely notice of appeal of the Court's order granting summary judgment and denying Plaintiff's motion to prosecute the case. For the following reasons, the motion to file an untimely appeal is denied.

## I. PROCEDURAL BACKGROUND

Plaintiff filed his civil rights complaint in this Court on June 9, 2009. At the time of the complaint's filing, Plaintiff was incarcerated in the Thomas County Jail. Answers, letters, and motions were mailed to Plaintiff at his Thomas County Jail address. At some point, Plaintiff's incarceration location changed. Plaintiff did not file a notice of change of address. Plaintiff filed a motion to prosecute the case. The Defendants then filed a motion for summary judgment. The Magistrate Judge

recommended the summary judgment motion be granted and the motion to prosecute be denied. On August 13, 2010, this Court adopted the Magistrate Judge's recommendation, granted summary judgment to the Defendants on all of Plaintiff's claims, and denied the Plaintiff's motion to prosecute. Judgment was entered in favor of the Defendants on August 16, 2010. The Court sent copies of the orders to the Plaintiff's address at the Thomas County Jail. The Plaintiff filed his motion for out of date notice of appeal on March 30, 2011.

## II. STANDARD

A party in a civil case usually has thirty days from the date of entry of a judgment or order to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). The time to file a notice of appeal may be extended in two situations. The first situation applies if a party moves within thirty days of the expiration of the deadline to file a notice of appeal and shows excusable neglect or good cause for the delay. Fed. R. App. P. 4(a)(5)(A). In effect, the party must file a notice of appeal within sixty days from the judgment or order date. The second situation applies if the party moves to reopen the time for filing a notice a appeal if the moving party failed to receive notice of the entry of the judgment or order being appealed. Fed. R. App. P. 4(a)(6). The motion to reopen must be filed within 180 days of the judgment or the order being appealed. Fed. R. App. P. 4(a)(6)(B).

The United States Court of Appeals for the Eleventh Circuit has recognized that notices of appeal filed late because the appellant did not receive notice of the judgment appealed from should be addressed under the provisions of Federal Rule

2

of Appellate Procedure 4(a)(6) for extensions of time. Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1311 (11th Cir. 2002). The Court will therefore determine whether the Plaintiff meets the requirements of Rule 4(a)(6).

III. **APPLICATION**

The Plaintiff's motion must be denied because he filed it more than 180 days after the entry of judgment. He waited 227 days. In no circumstance can a party file a notice of appeal in a civil case more than 180 days after entry of the judgment or order he seeks to appeal, no matter if good cause or excusable neglect is shown. See Vencor Hosps., 279 F.3d at 1311(finding that appeal could not be taken since more than 180 days had lapsed). The filing of a timely notice of appeal is a jurisdictional requirement. Bowles v. Russel, 551 U.S. 205, 127 S. Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). Accordingly, the Plaintiff's motion to file a late notice of appeal (Doc. 51) is denied.

**SO ORDERED**, this the 3rd day of June, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc